**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lonnie J. SAMMARIPA, Defendant–Appellant.**

No. 94–30107.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 1995.

Decided May 15, 1995.

Victor H. Lara, Kurtz, Hurley, Lara and Adams, Yakima, WA, for defendant-appellant.

Robert A. Ellis, Asst. U.S. Atty., Yakima, WA, for plaintiff-appellee.

Before: PREGERSON, KOZINSKI, and LEAVY, Circuit Judges.

PREGERSON, Circuit Judge:

Lonnie J. Sammaripa, Sr. was convicted of one count of committing assault resulting in serious bodily injury on an Indian reservation in violation of 18 U.S.C. §§ 113(a)(7) and 1153. At his first trial, after the jury was selected and sworn, the government moved for a mistrial alleging that Sammaripa had exercised his peremptories in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The district court granted the mistrial over Sammaripa's objection, excused the jury, and scheduled a new trial to begin the next day. Before his second trial, Sammaripa moved for dismissal on the ground that the new trial violated his right to be free from double jeopardy. The district court denied Sammaripa's motion, and he was eventually convicted. We have jurisdiction under 28 U.S.C. § 1291. We reverse.

## BACKGROUND

On October 13, 1993, Sammaripa was indicted on one count of assault on an Indian reservation, in violation of 18 U.S.C. §§ 113(a)(7) and 1153.

Jury selection for the trial began on January 10, 1994. After the jury was empaneled and sworn, the government made a *Batson* objection, alleging that defense counsel had used his peremptory challenges in a discriminatory fashion. In response to this objection, the judge dismissed the balance of the venire panel and called a ninety-minute recess. When the court reconvened, the government moved for a mistrial alleging that Sammaripa had exercised his peremptories in violation of *Batson v. Kentucky* by excluding women with young children. The district court granted the government's *Batson* motion and declared a mistrial over Sammaripa's objection. Retrial was set for the next day.

Before the retrial, Sammaripa moved to dismiss alleging that a second trial would violate his right to be free from double jeopardy. The district court denied Sammaripa's motion to dismiss the second trial, ruling (1) the government's *Batson* claim was valid, and (2) a *Batson* violation manifests a neces-sity to declare a mistrial, thus permitting retrial without offending Sammaripa's right to be free from double jeopardy.

The second trial began on January 11, 1994. Sammaripa was convicted at the second trial.

## ANALYSIS

■ We review a district court's denial of a motion to dismiss on double jeopardy grounds de novo. *United States v. Newman,* 6 F.3d 623, 626 (9th Cir.1993).

■ The double jeopardy clause of the Fifth Amendment of the Constitution protects a defendant's "valued right" to have a particular tribunal give complete consideration to his case. *Arizona v. Washington,* 434 U.S. 497, 503, 98 S.Ct. 824, 829, 54 L.Ed.2d 717 (1978). This right "is sometimes subordinate to the public's interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury." *Id.* at 505, 98 S.Ct. at 830.

■ Jeopardy attaches after the jury is impaneled and sworn. *Crist v. Bretz,* 437 U.S. 28, 35, 98 S.Ct. 2156, 2160-61, 57 L.Ed.2d 24 (1978); *United States v. Jaramillo,* 745 F.2d 1245, 1247 (9th Cir.1984), *cert. denied,* 471 U.S. 1066, 105 S.Ct. 2142, 85 L.Ed.2d 499 (1985). After jeopardy attaches, the court's declaration of a mistrial—over the defendant's objection—does not bar retrial where the mistrial was declared because of "manifest necessity." *Thomas v. Municipal Court of Antelope Valley J.D.,* 878 F.2d 285, 287 (9th Cir.1989) (*citing Washington,* 434 U.S. at 505, 98 S.Ct. at 830).

In the instant case, after the jury was empaneled and sworn and jeopardy attached, the government moved for a mistrial, asserting that defense counsel exercised his peremptories in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The district court granted the government's motion. The defendant objected to the court's ruling granting a mistrial. We must determine whether the alleged *Batson* error committed by defense counsel created a manifest necessity to terminate the trial. We hold that it did not.

Our cases that have ruled that a defendant's or defense counsel's misconduct created a manifest necessity to declare a mistrial have all been instances where the misconduct was manifest only *after* jeopardy attached.

In *United States v. Shaw*, 829 F.2d 714, 720 (9th Cir.1987), we held that defense counsel's opening remarks that potentially provoked juror bias created a manifest necessity to declare a mistrial. *See also Washington*, 434 U.S. at 516, 98 S.Ct. at 835–36. In *United States v. Willis*, 647 F.2d 54, 59 (9th Cir.1981), we held that the defendant's failure to appear for his trial created a manifest necessity to declare a mistrial. In *Thomas*, 878 F.2d at 290, the district court discovered, after jeopardy attached, that a defendant had refused to waive a conflict of interest. We found that this created a manifest necessity to declare a mistrial. *Id.* In *Thomas*, we noted that when the breakdown between attorney and client becomes apparent *after* jeopardy attaches, there is manifest necessity to declare a mistrial. *Id.* at 288 n. 2.

 The instant case poses a different problem. Here, defense counsel's alleged *Batson* error was manifest, or at least should have been manifest to the government, during the voir dire process—*before* jeopardy attached. Defense counsel's alleged *Batson* error, which by its very nature should be apparent *before* jeopardy attaches, cannot create a manifest necessity to declare a mistrial. The retrial which resulted in Sammaripa's conviction, therefore, violated Sammaripa's right to be free from double jeopardy because the mistrial was declared in the absence of manifest necessity and over Sammaripa's objection.

We need not address whether the government's delayed *Batson* objection was timely, because defense counsel's alleged *Batson* error was manifest before the jury was sworn.[1] Nor do we need to address whether the defense counsel actually committed *Batson* error, because a *Batson* violation by its very nature should be manifest before a jury is sworn. Thus, defense counsel's alleged *Batson* error cannot create a manifest necessity.

Because we hold that the retrial violated Sammaripa's right to be free from double jeopardy, we do not need to discuss Sammaripa's arguments that the prosecutor engaged in improper vouching or that the district court improperly admitted evidence.

## CONCLUSION

We hold that defense counsel's alleged *Batson* error did not create a manifest necessity to declare a mistrial. Sammaripa's retrial, which resulted in his conviction, violated his right to be free from double jeopardy. Sammaripa's conviction is REVERSED.

---

1. The government argues that under *United States v. Thompson*, 827 F.2d 1254, 1257 (9th Cir.1987), the objection was timely. In *Thompson*, we held that a *Batson* objection made by defense counsel, not by the government, immediately after the jury was sworn was still valid because the exclusion of African–Americans was not apparent until then.

    Similarly, in the present case, the government argues that because the discrimination against women with young children was not manifest until the jury was sworn, its slightly delayed *Batson* objection was timely. We disagree.

    The significant difference between the two cases is that in *Thompson*, the *defendant* moved for a mistrial, and thus waived his right to be free from double jeopardy. In contrast, in the instant case the *government* made the delayed objection. Here, the *government* moved for the mistrial over Sammaripa's objection. Sammaripa did not waive his right to be free from double jeopardy because he objected to the mistrial.

    This difference is significant because the government, unlike a defendant, has the duty to consider a defendant's right to be free from double jeopardy. The government has only one full and fair opportunity to prosecute the defendant, and thus it must remain alert to possible *Batson* error while that one opportunity to prosecute is ongoing.