**UNITED STATES of America**

v.

**Dirk Olson HOLST, Defendant.**

**Nos. CR 92–60007–HO, CV 95–6155–HO.**

United States District Court,
D. Oregon.

Aug. 29, 1995.

Kristine Olson Rogers, United States Attorney, District of Oregon, Sean B. Hoar, Assistant United States Attorney, Eugene, OR, for United States of America.

Shaun S. McCrea, McCrea, P.C., Eugene, OR, for defendant.

ROBERT E. JONES, District Judge.

Defendant Dirk Holst petitions to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, on the grounds of double jeopardy. After considering the arguments and evidence presented by the parties I conclude that the petition must be denied.

## FACTS

On March 13, 1992, Holst made his initial appearance on a complaint charging him with aiding and abetting the manufacture of methamphetamine. On the same date, a Taurus semi-automatic handgun and other personal property were seized by the DEA. By superseding indictment, Holst was charged with manufacturing methamphetamine, conspiracy to manufacture and distribute methamphetamine, and false declaration before a grand jury. Holst and his codefendants were tried in September, 1992. The jury was impaneled on September 15, and on September 23 the jury found Holst guilty of all three charges. On March 21, 1993, Holst was sentenced to 188 months in prison.

Meanwhile, the DEA pursued administrative forfeiture of the handgun and personal property. Notices of seizure and intent to forfeit the property were sent to Holst on August 3 and August 17, 1992. No claims were made to the property, and the DEA completed the administrative forfeiture of the handgun on September 18, and the remaining personal property on October 2, 1992.

## DISCUSSION

Holst contends that his property was forfeited before jeopardy attached in the criminal case, making his criminal conviction violative of the Double Jeopardy Clause. Holst initially submitted a declaration stating that he had signed a document consenting to the forfeiture on September 15, 1992, before the jury was impaneled in his criminal case. However, Holst has withdrawn that declaration and I need not address it further.

It is well established that in a criminal case which goes to trial, jeopardy attaches when the jury is impaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 29, 98 S.Ct. 2156, 2157, 57 L.Ed.2d 24 (1978); *United States v. Sammaripa*, 55 F.3d 433 (9th Cir.1995). Thus, jeopardy attached in Holst's criminal case on September 15, 1992. In a civil forfeiture case, jeopardy attaches when the forfeiture becomes final, and not as Holst argues when property is seized or when the time to make a claim expires. *United States v. Stanwood*, 872 F.Supp. 791 (D.Or.1994). Here, the administrative forfeitures became final on September 18 and October 2, 1992, after jeopardy had attached in the criminal case. Therefore, Holst's criminal conviction did not violate the Double Jeopardy Clause.

Moreover, Holst failed to file a claim in the administrative forfeiture proceedings. I have consistently held that the important

factor in the application of double jeopardy analysis is whether a person has been subjected to jeopardy in the forfeiture proceedings, not the putative ownership of the forfeited property. This view was recently confirmed by the Ninth Circuit in *United States v. Cretacci*, 62 F.3d 307 (9th Cir.1995), which held that the administrative forfeiture of unclaimed property does not violate the Double Jeopardy Clause.

Accordingly, Holst is not entitled to relief on the grounds of double jeopardy, and his petition under 28 U.S.C. 2255 is hereby dismissed (# 235).