**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Albert D. PARRIS, Defendant–Appellee.**

**United States of America,
Plaintiff–Appellee,**

v.

**Albert D. Parris, Defendant–Appellant.**

**No. 00–30053, 00–30063.
D.C. No. CR–98–02131–EFS.
D.C. No. CR–98–02131.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2001.

Decided Aug. 2, 2001.

Before ALARCÓN, FERNANDEZ, and TASHIMA, Circuit Judges.

## MEMORANDUM *

The Government appeals from the district court's denial of the Government's motion to reconsider the dismissal of four counts of bank embezzlement against Albert D. Parris ("Parris"). Parris cross-appeals from the district court's denial of his motion to dismiss the remaining counts of the indictment on which the district court declared a mistrial. We reverse the order dismissing four counts of bank embezzlement because we conclude that the district court abused its discretion in imposing the ultimate sanction of dismissal. We affirm the district court's order denying Parris's motion to dismiss the remaining counts on which the district court had declared a mistrial. Because the parties are familiar with the facts of this case, we recite only those necessary to the disposition of issues the parties have raised in their appeals.

I

■ On the fifth day of trial, the Government disclosed for the first time the existence of Exhibits 149 and 150. The district court concluded that a dismissal of Counts Six through Ten was compelled because the Government had inadvertently violated Rule 16 by failing to disclose these exhibits before Parris had exposed his theory of defense and because the Government had engaged in two prior incidents of prosecutorial misconduct. Specifically, before trial, the Government had violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to

disclose a report from an F.B.I. handwriting expert comparing known samples of Parris's handwriting with handwriting on certain bank documents. The district court had previously remedied the *Brady* violation by permitting Parris to depose the F.B.I. expert and introduce the deposition into evidence. In addition, earlier in the trial, the Government had inadvertently violated the court's order sequestering witnesses.

The Government's conduct in this case was not "so grossly shocking and outrageous as to violate the universal sense of justice." *United States v. Kearns,* 5 F.3d 1251, 1253 (9th Cir.1993). Thus, the dismissal was not justified on due process grounds. *Id.* Moreover, none of the three incidents, alone or in combination, qualifies as the type of "flagrant misbehavior" required to warrant dismissal under the court's supervisory powers. *See id.* at 1253–54 (holding misconduct not flagrant where conduct was due to "incompetence and other non-invidious factors rather than to intentional deception."). The district court abused its discretion in dismissing Counts Six through Ten of the indictment.

II

■ In his cross-appeal, Parris maintains that the district court erred in granting a mistrial over his objection on Counts Two through Five and Counts Eleven and Twelve. He maintains that the district court should have dismissed the counts because the record does not support a finding of manifest necessity. We review a district court's denial of a motion to dismiss on double jeopardy grounds de novo. *United States v. Sammaripa,* 55 F.3d 433, 434 (9th Cir.1995).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

In arguing for a dismissal of each count in the indictment, Parris's counsel stated that the conduct of the prosecutor was "extremely prejudicial" because the defense's strategy had been revealed to the jury and it had been informed that Parris would take the stand. In ordering a mistrial, the court agreed with counsel that proceeding to trial on Counts Two through Five and Counts Eleven and Twelve before the same jury would be unfair and "impossible, without treading on the due process rights of the defendant."

In his cross-appeal, Parris now contends that "the district court was incorrect in concluding that continuing the trial would have been prejudicial." Parris is judicially estopped from taking inconsistent positions on the issue of prejudice in the same litigation. *United States v. Garcia*, 37 F.3d 1359, 1367 (9th Cir.1994) ("The doctrine of judicial estoppel is invoked to preclude a party from abusing the judicial process by taking inconsistent positions *in the same litigation*.") (emphasis added), *receded from on other grounds by United States v. Jackson*, 167 F.3d 1280 (9th Cir. 1999); *United States v. Baird–Neece Packing Corp.*, 151 F.3d 1139, 1147 (9th Cir. 1998) ("Judicial estoppel bars a party from taking inconsistent positions in the same litigation."); *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 605 (9th Cir.1996) ("We now make it explicit that the doctrine of judicial estoppel is not confined to inconsistent positions taken in the same litigation.").

In *Pegram v. Herdrich*, 530 U.S. 211, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000), the Supreme Court cited this circuit's *Rissetto* case for the proposition that "[j]udicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram*, 530 U.S. at 228 n. 8. In the present case, in successfully arguing for a dismissal of each of the counts of the indictment Parris took the position that the prosecutor's conduct was extremely prejudicial. Before this court, however, Parris contends that proceeding to trial on the remaining counts would not have been prejudicial. In ordering a mistrial, the district court relied upon Parris's argument that proceeding to trial before the same jury would be prejudicial to his right to a fair trial.[1] *See Interstate Fire & Casualty Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir.1998) ("A majority of courts apply judicial estoppel only if the court has relied on the party's previously *inconsistent statement*, and we have recently adopted that rule.") (emphasis added).

■ In determining whether a mistrial was justified by manifest necessity, we apply the following standards. "First, '[w]hen an error certain to result in reversal occurs,' manifest necessity is apparent. If such an error exists, double jeopardy will not attach to a declaration of a mistrial." *Weston v. Kernan*, 50 F.3d 633, 638 (9th Cir.1995) (citation omitted). "Second, if it is uncertain that reversal would have resulted, four factors should be considered in determining whether the . . . trial court properly exercised its discretion." *Id.* at 638–39. Those factors are as follows:

(1) [W]hether the . . . trial court heard the position of the parties with regard to a mistrial; (2) whether it considered alternatives to granting a mistrial; (3) whether it acted deliberately and not abruptly; and (4) whether it determined the defendant would benefit from a mistrial.

---

1. In explaining its rationale for granting a mistrial, the court referred to a "great concern by the defendant that there was an unfairness or an inadvertent submission of a document that implicated him in some fashion on a count that had been dismissed."

*Id.* at 639. Here, the district court heard arguments from both sides regarding the mistrial issue. Before granting the mistrial, the court recessed for ten minutes. The court considered and disregarded the option of collecting the jurors' notebooks. The district court concluded that Parris would benefit from the mistrial because the evidence presented on the dismissed counts was so intertwined with the evidence presented on the remaining counts that proceeding further would result in reversible error. Manifest necessity compelled the declaration of a mistrial under these circumstances. A retrial will not deprive Parris of his right not to be subjected to double jeopardy. *See United States v. Gaytan,* 115 F.3d 737, 742 (9th Cir.1997) ("If a judge declares a mistrial after the proceedings have commenced, retrial will be permitted only if the defendant consented to the mistrial or if the mistrial was justified by manifest necessity.").

The dismissal of Counts Six through Ten is VACATED and this matter is REMANDED for further proceedings. The denial of Parris's motion to dismiss Counts Two through Five and Counts Eleven and Twelve is AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.