NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 7 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10469 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00020-RVM-2 |
| v. | |
| GLENN D. WONG, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Guam
Ramona V. Manglona, Chief Judge, Presiding

Submitted November 5, 2018**
Seattle, Washington

Before: McKEOWN and FRIEDLAND, Circuit Judges, and GAITAN,*** District Judge.

Glenn Wong appeals the denial of his motion to dismiss the indictment on

double jeopardy grounds. Because the parties are familiar with the facts, we do not

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*** The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

recite them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Wong's first trial ended when the court declared a mistrial based on manifest necessity. Wong argues the district court abused its discretion in finding manifest necessity, and that double jeopardy therefore attached and bars the indictment. We review de novo a denial of a motion to dismiss an indictment, and we review for abuse of discretion a finding of manifest necessity for a mistrial. *United States v. Bates*, 917 F.2d 388, 392 (9th Cir. 1990); *United States v. Chapman*, 524 F.3d 1073, 1082 (9th Cir. 2008).

Where, as here, the district court based its manifest necessity determination on its "observations and personal assessment that a fair trial would be impossible," we afford that view "special deference." *Chapman*, 524 F.3d at 1082. Our review focuses on the procedures employed by the district court. *Id.* We consider whether the court heard the opinions of the parties about the propriety of the mistrial, considered the alternatives to a mistrial and chose the alternative least harmful to Wong's rights, acted deliberately instead of abruptly, and based its judgment on evidence in the record. *Id.*

The district court held an extensive hearing at which it considered the parties' input and alternatives to a mistrial, including redacting prejudicial information. Ultimately, the court concluded that it would have been futile and unfair to the Government to try the case without identifying by name David Lujan,

counsel to Wong's co-defendant Mark Smith, because Lujan's previous employment was directly relevant. The court further reasoned—and Wong agreed—that it would prejudice Wong for Lujan to continue representing Smith, because identifying Lujan could taint the jury's perception of both defendants. Seeing no viable alternatives, the court disqualified Lujan and declared a mistrial out of manifest necessity. These determinations satisfy each of the *Chapman* factors, *id.*, were well within the district court's discretion, and complied with Federal Rule of Criminal Procedure 26.3.

The need to declare a mistrial did not manifest until after empaneling the jury, so the timing here is not suspect. *Cf. United States v. Sammaripa*, 55 F.3d 433, 435 (9th Cir. 1995). The Government moved before trial to disqualify Lujan, but the district court denied the motion as speculative. Only after trial began did the prejudice crystallize with respect to Lujan's name.

Nor does it undermine the manifest necessity finding that anticipated testimony from Anthony Perez, a defense expert and former law firm partner of Lujan, may have been privileged. Wong makes no showing to this end, and the case on which he relies, *United States v. Rowe*, does not support a presumption that all communications between members of a law firm are privileged. 96 F.3d 1294, 1296 (9th Cir. 1996). Notably, the district court disqualified Lujan (and as a result, found manifest necessity for a mistrial) not only based on Perez's anticipated

3

testimony, but also because other evidence would inevitably have invoked Lujan's name.

The district court acted within its discretion in finding manifest necessity for a mistrial, and it therefore did not err by denying the motion to dismiss the indictment.

**AFFIRMED.**